UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>        v.<br><br>VALENTIN RAMIREZ-CARDINEZ,<br><br>                 Defendant. | No. 2:09-cr-0380 WBS<br><br>    2:13-cv-2498 WBS<br><br>**ORDER** |

----oo0oo----

        Defendant Valentin Ramirez-Cardinez has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  The government opposes and moves to dismiss the motion, and petitioner has filed his reply thereto.  For the following reasons, defendant's motion must be denied.

        First, defendant's motion barred by the statute of limitations.  28 U.S.C. § 2255(f) imposes a one year statute of limitations on motions under § 2255.  That period begins to run on the date which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Where the defendant does not take a direct

1

1 appeal, the judgment of conviction becomes final when the time

2 for filing a notice of appeal expires.  Randle v. Crawford, 604

3 F.3d 1047, 1058 (9th Cir. 2010).  Therefore, because defendant

4 did not take a direct appeal, his judgment of conviction became

5 final on November 1, 2012, fourteen days after the judgment was

6 entered.  His § 2255 motion was not filed until November 22,

7 2013, more than a year later.

8       Second, as a part of his written plea agreement

9 defendant waived any right he may have had to bring a post-

10 conviction attack on his conviction or sentence, and

11 "specifically agree[d] not to file a motion under 28 U.S.C § 2255

12 or § 2241 attacking either his conviction or his sentence."

13 (Docket No. 177, at p. 7).  Such waivers are valid and subject to

14 strict enforcement.  United States v. Navarro-Botello, 912 F.2d

15 318, 321 (9th Cir 1990); United States v. Abarca, 985 F.2d 1012,

16 1014 (9th Cir. 1993).

17       Third, defendant's motion lacks merit.  The Supreme

18 Court's decision in Alleyne v. United States, 133 S.Ct. 2151

19 (2013) has no application to this case.  Further, defendant's

20 claim that Alleyne applies retroactivly is without merit because

21 that case at best only adopts a new procedural rule rather than

22 any change in substantive law.  Defendant's additional claims

23 regarding the constitutionality of the sentencing guidelines and

24 the appropriateness of his sentence are similarly meritless.

25       IT IS THEREFORE ORDERED that defendant's motion to

26 vacate, set aside or correct his sentence under 28 U.S.C. § 2255

27 (Docket No. 259), motion requesting order for appointment of

28 representation pursuant to 18 U.S.C. § 3006(a)(2)(b) (Docket No.

260), motion to proceed in forma pauperis pursuant to Fed.R.App. 24(a)(1) (Docket No. 261), motion for leave to file supplemental pleading (Fed.R.Civ.P 15(d)) (Docket No. 264), and motion for relief and equitable tolling regarding non-receipt of filing and time to respond (Docket No. 267) be, and the same hereby are, DENIED.

Dated:  March 31, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3